IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DARRYL D. SANCHEZ,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CAPTAIN DAVIS et al.,<br><br>　　　　　Defendants. | CV 23-99-BLG-SPW-TJC<br><br>**FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE** |

　　　Plaintiff Darryl D. Sanchez, a self-represented litigant, filed a Complaint on August 30, 2023.  (Doc. 2.)  Sanchez alleged negligence and violations of the Indian Civil Rights Act by Defendants and sought an award of damages as well as injunctive relief.  (*Id.* at 6; Doc. 2-1 at 3–4.)

　　　On May 24, 2024, the Court granted Sanchez's motion to proceed in forma pauperis but concluded that his Complaint failed to satisfy the requirements of 28 U.S.C. § 1915(e)(2).  (Doc. 5 at 1, 5.)  The Court granted Sanchez the opportunity to amend his complaint.  (*Id.* at 13–14.)  The Court set a deadline of June 21, 2024, for Sanchez to file an amended complaint, and admonished that if Sanchez failed to timely comply with every provision of the Court's Order, his action would be subject to dismissal.  (*Id.* at 14.)

/ / /

With greater than seven months having elapsed since the Court's June 2024 deadline, the Court issued an Order To Show Cause on February 5, 2025, directing Sanchez to appear in writing on or before March 7, 2025, to show cause, if any, why this case should not be dismissed for failure to comply with the Court's Order issued on May 24, 2024. Sanchez was again admonished that failure to respond to the Order To Show Cause would result in a Recommendation that this case be dismissed.

The March 7 deadline has now passed, and Sanchez has not responded to the Court's Order To Show Cause.

In determining whether to dismiss a case for failure to comply with a court order, the court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992).

Here, the Court finds these factors instruct that this action should be dismissed. First, although public policy would otherwise favor the disposition of this matter on its merits, it is not apparent that this case will ever reach such a disposition, given Sanchez's apparent disinterest in prosecuting it. Further, the public's interest in the expeditious resolution of litigation and the Court's need to

manage its docket favor dismissal in circumstances where a plaintiff shows no interest in reaching such a resolution. Additionally, there is no risk of prejudice to the defendants named in the Complaint, as they have not yet been served. Finally, the Court previously attempted the less drastic alternative of ordering Sanchez to show cause after his failure to comply with its May 2024 Order, but the Court's Order To Show Cause was also ignored. Accordingly, these factors weigh in favor of dismissal.

Based on the foregoing, IT IS HEREBY RECOMMENDED that Sanchez's Complaint be DISMISSED without prejudice.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon Sanchez. Sanchez is advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court within fourteen (14) days after service hereof, or objection is waived. D. Mont. L.R. 72.3.

DATED this 11th day of March, 2025.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge